UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| ROGER BERENT, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 4:19 CV 2632 CDP |
| | ) | |
| CHUBB NATIONAL | ) | |
| INSURANCE COMPANY, | ) | |
| | ) | |
| Defendant. | ) | |

## **MEMORANDUM AND ORDER TO SHOW CAUSE**

This newly-removed case is before me on my review for subject matter jurisdiction. Plaintiff Roger Berent originally filed this action in Missouri state court against defendant Chubb National Insurance Company ("Chubb"), alleging that Chubb failed to pay underinsured motorist benefits under an insurance policy issued by Chubb after Berent sustained injuries in a car accident. Chubb filed a Notice of Removal to this Court on September 25, 2019, alleging diversity jurisdiction under 28 U.S.C. § 1332.

The Eighth Circuit has admonished district courts to "be attentive to a satisfaction of jurisdictional requirements in all cases." *Sanders v. Clemco Indus.*, 823 F.2d 214, 216 (8th Cir. 1987). "A defendant may remove a state law claim to federal court only if the action originally could have been filed there." *In re Prempro Prods. Liab. Litig.*, 591 F.3d 613, 619 (8th Cir. 2010) (citing *Phipps v. FDIC*, 417

F.3d 1006, 1010 (8th Cir. 2005)). Diversity jurisdiction under 28 U.S.C. § 1332 requires an amount in controversy greater than $75,000 and complete diversity of citizenship among the litigants. 28 U.S.C. § 1332(a).

In removal cases, the district court reviews the complaint or petition pending at the time of removal to determine the existence of subject matter jurisdiction. *St. Paul Mercury Indem. Co. v. Red Cab Co.,* 303 U.S. 283, 291 (1938). The district court may also look to the Notice of Removal to determine its jurisdiction. 28 U.S.C. § 1446(c)(2)(A). The removing defendant, as the party invoking jurisdiction, bears the burden of proving that all prerequisites to jurisdiction are satisfied. *Central Iowa Power Co-op. v. Midwest Indep. Transmission Sys. Operator, Inc.,* 561 F.3d 904, 912 (8th Cir. 2009). "[A]ll doubts about federal jurisdiction must be resolved in favor of remand[.]" *Id.*

Ordinarily, "the matter in controversy [must] excee[d] the sum or value of $75,000, exclusive of interest and costs[.]" 28 U.S.C. § 1332(a). When the plaintiff's complaint does not state the full amount in controversy, the defendant's Notice of Removal may do so. 28 U.S.C. § 1446(c)(2)(A). "[W]hen a defendant seeks federal-court adjudication, the defendant's amount-in-controversy allegation should be accepted when not contested by the plaintiff *or questioned by the court.*" *Dart Cherokee Basin Operating Co., LLC v. Owens,* 135 S. Ct. 547, 553 (2014) (emphasis added). "Evidence establishing the amount in controversy is required by § 1446(c)(2)(B) only when the plaintiff contests, or the court questions, the defendant's

allegation." *Id.* at 554.

Chubb's Notice of Removal cites to Berent's petition to support its claim that the case exceeds the amount in controversy requirement. ECF 1 at ¶ 7. Specifically, Chubb references a "formal demand" of $1,000,000.00 purportedly sent to Chubb by Berent. *Id.* While Berent's petition alleges that he "issued a formal demand" to Chubb, the petition does not specify that the demand was for $1,000,000.00 or any other amount, and the demand is not attached to the petition.[1] Petition, ECF 3 at pg. 4, ¶ 23. As Berent's petition only seeks damages for each of the two counts, "in an amount . . . greater than $25,000.00, for costs, for pre- and post-judgment interest, for statutory penalties, including attorneys' fees, and for any further just and proper relief;" it is not apparent from the petition that the total amount in controversy would exceed the jurisdictional threshold. *Id.* at pg. 3-4.

Accordingly, I will give Chubb until October 15, 2019 to supplement its Notice of Removal with sufficient evidence for me to find, by a preponderance of the evidence, that the amount in controversy exceeds $75,000.00. Berent must file any motion for remand no later than November 15, 2019.

Accordingly,

**IT IS HEREBY ORDERED** that defendant Chubb Insurance shall show cause in writing no later than **October 15, 2019**, why this case should not be

---

[1] Additionally, I note that ¶ 23 of Berent's petition, cited to in Chubb's Notice of Removal, seems to refer to a different plaintiff with different injuries.

remanded for lack of subject matter jurisdiction by supplementing its Notice of Removal as set out above.

**IT IS FURTHER ORDERED** that plaintiff Roger Berent must file any opposition to defendant's Notice of Removal no later than **November 15, 2019**.

_____
CATHERINE D. PERRY
UNITED STATES DISTRICT JUDGE

Dated this 2nd day of October, 2019.